EWING, TRUSTEE, *v.* THE MARMON REALTY CO. ET AL.

(Decided April 9, 1928.)

*Messrs. Turney & Sipe,* for plaintiff in error.
*Messrs. Ulmer & Berne,* for defendants in error.

SULLIVAN, P. J.  This cause is here on error from the court of common pleas of Cuyahoga county, and it is here sought to reverse the judgment of that court on the ground that it committed error in sustaining a demurrer to the petition, the substance of which was to the effect that one Max Marmorstein had filed a petition in bankruptcy in the United States District Court for the Northern District of Ohio, and that under the usual proceedings therein Roscoe Ewing, a member of this bar, was appointed trustee by the court, and there were further allegations that Marmorstein had been a real estate broker, transacting business in Cuyahoga county, and that prior to the filing of the petition in bankruptcy there had been organized by him what is known as the Marmon Realty Company, a corporation.  And it is further alleged, in substance, that the good will of Marmorstein, individually, had been assigned to the Marmon Realty Company, and under these allegations an accounting was prayed for in the common pleas court as to the Marmon Realty Company, for the good will which Marmorstein had so assigned at the time of the organization of the corporation.

It is argued by able counsel for defendants in error that, instead of the accounting prayed for relating to the good will of the individual, Marmorstein, it related to certain property other than good will which was assigned, which has not been duly accounted for, for which the Marmon Realty Company and the trustee are liable.  In other words, the purpose sought, from the allegations of the petition, is the exposure of assets, whatever they may be, that are valuable to the creditors.

We find, upon examination of the petition, that the latter status does not accord with the allegations of the petition, which raise, in the absence of any allegation to the contrary, solely a question of good will, and it is argued that, even if such an assignment was made, it is not in the nature and character of such assets as are the subject of inquiry for the benefit of creditors, upon which they may realize by an order of the court ordering such assets to be turned into the common fund of the bankrupt for the benefit of creditors.

A demurrer was filed to this petition, and the court below sustained it, and the question here is whether the common pleas court had jurisdiction, and whether the allegations of the petition were sufficient to constitute a cause of action.

From an examination of the Bankruptcy Act (Title 11, U. S. Code), in order to determine the question whether the common pleas court had jurisdiction, we find that the issues raised by the petition and demurrer are solely within the power and jurisdiction of the Federal court, not only because the Federal court had acquired prior jurisdiction, but also for the reason that the Bankruptcy Act furnishes an adequate, as well as an exclusive, remedy for the determination of the question raised by the status of the case.

Under section 2, chapter 2, of the Bankruptcy Act (Title 11, Section 11, U. S. Code), we find that the court has power to substitute additional persons or parties in proceedings in bankruptcy, when necessary for the final and complete determination of the matter in controversy, and that all controversies in relation to the assets are determinable under the

jurisdiction and power of the federal court, because under the section noted the federal court has the power to cause the assets of bankrupts to be collected, to reduce the assets to money, to order distribution thereof, and to settle all controversies in relation thereto. This section further provides that obedience may be enforced to the lawful orders from all persons, and especially persons who are hindering the collection of assets or concealing the same, and a penalty by fine and imprisonment may be inflicted for violation of the act.

Under section 3, chapter 3, of the Bankruptcy Act (Title 11, Section 21, U. S. Code) concealment of property is an act of bankruptcy in and of itself, and even if the good will may be considered assets that are assignable, the federal court has full power and jurisdiction to remedy the situation.

Under the allegations of the petition herein, however, it is our judgment that, inasmuch as the allegations relate to good will only, they do not set forth sufficient substance to constitute property or assets assignable at law. However, if we are wrong in our interpretation with respect to the question of good will, we find, under Section 29 of the Bankruptcy Act (Title 11, Section 52, U. S. Code), that the federal court has exclusive jurisdiction to punish any person who knowingly and fraudulently conceals from the receiver, or any officer of the court charged with the custody of the property, or from creditors, any property of whatsoever kind belonging to the estate of the bankrupt.

In the absence of any Ohio statute, the federal procedure, in the instant case, is paramount, and inasmuch as there is no such statute, and no provision in

the federal act, and because of our other views as herein stated, it is our judgment that the court committed no error in sustaining the demurrer for lack of jurisdiction.

Counsel for defendants in error argues that under section 70, of the federal act (Title 11, Section 110, U. S. Code), under the heading of "Title to Property," the court below had authority to assume jurisdiction and try the case, but upon examination of that section it is our judgment that the contrary is true, as will be observed by reference to subdivision (e) of Section 70, which says, in substance, that the trustee may avoid transfers by the bankrupt of his property, which any creditor might have avoided, and may recover the same or its value from any person to whom it was transferred, unless in case of bona fide holders for value prior to the date of the adjudication, and it further provides that the property may be recovered, or its value collected, from whomever may have received it; and we then come to the important part, bearing upon the instant case, which is this provision:

"For the purpose of such recovery any court of bankruptcy as defined in this title, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Inasmuch as bankruptcy proceedings had intervened, it follows under this subdivision (e) of Section 70, that if the state court had jurisdiction the very opposite is true.

Holding these views, it is unnecessary to pass upon the question as to whether there is a cause of

action stated, for, if the court had no jurisdiction, that question is immaterial.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.